Filed 12/22/21  HS&S Restaurants v. Syed CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| HS&S RESTAURANTS, INC.,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>KALEEM SYED,<br><br>  Defendant and Respondent. | 2d Civ. No. B309772<br>(Super. Ct. No. 56-2020-00540991-CU-PN-VTA)<br>(Ventura County) |

HS&S Restaurants, Inc. (HS&S) owns and operates four Burger King restaurants in Alaska under a Franchise Agreement with Burger King Corporation.  Kaleem Syed, Rashid Hameed and Gurmit Singh are the company's shareholders.  The underlying litigation involves a contentious dispute among the shareholders.

HS&S appeals the Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing (Order) entered on October 23, 2020.  Among other things, the Order requires HS&S

to transfer to the levying officer cash proceeds of deposit accounts in the sum of $260,000, wherever located.  HS&S contends the Order must be vacated because (1) the trial court lacked jurisdiction to order turnover of assets in another state and (2) there is no basis for a turnover order on a deposit account.

In his respondent's brief, Syed asserts that the appeal is now moot.  On May 26, 2021, the trial court entered a stipulation and order requiring HS&S to hold all funds in its bank account "with no further distributions or loan payments to be made to any party except for payments made pursuant to an agreement signed by all parties or court order."[1]  HS&S also agreed to transfer "funds currently set aside for [Syed]" to the client trust account for counsel for HS&S, "to be held until there is an agreement for disbursal signed by all parties or court order."

Syed claims the stipulation and order "effectively rendered the Order meaningless" in that "[f]unds belonging to HS&S are presently subject to court order, which has the same effect as a writ of attachment."  HS&S previously rejected Syed's offer to stipulate to vacate the Order and to dismiss the appeal.

In supplemental briefing, HS&S maintains the appeal is not moot for a variety of reasons.  In response, Syed reiterates his belief that the appeal is "practically moot" but "does not object to an order from this Court instructing the trial court to vacate the [Order]."  This is the specific relief sought on appeal.

We accept Syed's concession that vacation of the Order is appropriate "[g]iven the circumstances" and shall reverse and

---

[1] On our own motion, we take judicial notice of the Stipulation and Order That the Parties Take Certain Actions Prior to Resolution of Suit, filed on May 26, 2021.  (Evid. Code, §§ 452, subd. (d), 459.)

2

remand for that purpose.  (See, e.g., *In re J.G.* (2019) 6 Cal.5th 867, 885.)

DISPOSITION

The Order entered on October 23, 2020 is reversed and the matter is remanded with directions to vacate the Order in its entirety.  In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

3

Vincent J. O'Neill, Judge
Ronda J. McKaig, Judge
Superior Court County of Ventura

_____

Raskin Gorham Anderson Law, Gary J. Gorham; Norman Dowler, Andrew H. Covner for Plaintiff and Appellant.

Ferguson Case Orr Paterson, Michael A. Velthoen, for Defendant and Respondent.